UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILLIAM GRECIA,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.

Case No. 1:26-cv-01844 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

Plaintiff William Grecia filed this action against the United States of America on March 5, 2026. *See* Dkt. 1. On August 28, 2026, Plaintiff served the First Amended Complaint ("FAC") on Defendant alleging claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680, and that "substantial events giving rise to the claims occurred within" the Southern District of New York. *See* Dkts. 19-20; *see also* 35, 38. On October 15, 2026, the Court granted Defendant until December 18, 2026, to respond to the FAC. *See* Dkt. 45.

Plaintiff has moved to transfer this case to the Eastern District of Pennsylvania where he resides pursuant to 28 U.S.C § 1404(b). Plaintiff's claims "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "[A] motion for change of venue is . . . not ordinarily granted at the request of the party who chose the forum in the first place." *Tucker Anthony, Inc. v. Bankers Tr. Co.*, No. 93-cv-0257 (SWK), 1994 WL 9683, at *6 (S.D.N.Y. Jan. 10, 1994) (citation modified). Although Plaintiff could have brought his claims in the Eastern District of Pennsylvania where he resides, he "is the master of the complaint" and elected to file in this District. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). Moreover, Plaintiff has not shown a change in circumstances since filing that would warrant transfer. *See Ferrostaal, Inc. v.*

*Union Pac. R. Co.*, 109 F. Supp. 2d 146, 161 (S.D.N.Y. 2000) ("A plaintiff moving to transfer venue has already had an opportunity to choose the venue when filing the action. Therefore, a plaintiff moving to transfer must demonstrate, *inter alia,* that after the action was filed there was a change of circumstances that warrants transferring the action to the transferee forum.").

Accordingly, based on the information currently before the Court, Plaintiff's motion is DENIED without prejudice. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 62.

Dated: November 17, 2026
New York, New York

SO ORDERED.

Jennifer Rochon
JENNIFER L. ROCHON
United States District Judge